UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>EVEN GABRIEL BARAJAS-<br>MARTINEZ,<br><br>                              Defendant. | NO:  CR-12-146-RMP<br><br>ORDER DENYING DEFENDANT'S<br>MOTIONS |

Before the Court are Defendant's Motion to Dismiss, ECF No. 41; First

Motion in limine to present Affirmative Defenses, ECF No. 42; and Motion to

Suppress Evidence Unlawfully Obtained, ECF No. 43. The Court has had the

benefit of oral argument on these motions.  The Court has reviewed the motions,

the memoranda in opposition, the reply, all supplemental filings, all other relevant

filings, and is fully informed.

ORDER DENYING DEFENDANT'S MOTIONS ~ 1

**Motion to Dismiss**

Defendant argues that this case should be dismissed for violation of the Tenth Amendment because (1) Congress exceeded its enumerated powers; and (2) the United States commandeered state law enforcement officers.

The Supreme Court has squarely answered the question of whether Congress has the power to prohibit the growing of marijuana. In *Gonzales v. Raich*, 545 U.S. 1, 22 (2005), the Supreme Court held that Congress had the power to regulate the interstate market for marijuana, that the marijuana provisions in the Controlled Substances Act ("CSA") proscribing the manufacture of marijuana fell within that authority, and that the incidental proscription of the purely intrastate manufacture of marijuana was also within that authority. Accordingly, Congress had the power to enact the CSA provision prohibiting the manufacture of marijuana. *Id.* Therefore, there can be no Tenth Amendment violation.

Defendant's invocation of *Gonzales v. Oregon*, 546 U.S. 243 (2006), does not require a different result. That case involved a regulation promulgated by the Attorney General pursuant to his authority under the CSA that restricted the ability of medical doctors to prescribe drugs for the purpose of assisting suicide. *Id.* at 249. The holdings in *Oregon* had nothing to do with limitations on the Federal Government's power generally. The Court merely concluded that an interpretive

regulation was not entitled to deference and found the regulation not persuasive. The Court recognized that the CSA regulated the practice of medicine only "insofar as it bars doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood." *Id.* at 258, 269-70.

In short, *Oregon* stands for the proposition that Congress, in enacting the CSA, did not impliedly criminalize physician-assisted suicide. *Id.* at 272. Nothing in *Oregon* stands for the proposition that Congress's exercise of a valid enumerated power is limited where that power incidentally impacts the state regulation of the practice of medicine. Accordingly, it is inapposite here, and the defendant has cited no other authority to combat the Court's clear direction from *Raich*. Accordingly, *Raich* controls, and the CSA's proscription of the manufacture of marijuana is a proper exercise of Congress's commerce power.

Defendant next argues that this case must be dismissed because the United States violated the Tenth Amendment by commandeering state law enforcement officers. "[T]he Federal Government may not compel the States to implement, by legislation or executive action, federal regulatory programs." *Printz v. United States*, 521 U.S. 898, 925 (1997). While the record reflects that state law enforcement officers were involved in the investigation leading to Defendant's indictment, nothing in the record suggests that the state law enforcement officers

were compelled or required to investigate the alleged marijuana grow operation.

Defense counsel suggested at oral argument that local law enforcement may have

been part of a program funded by the Drug Enforcement Agency ("DEA").

However, federal funding and coordination do not constitute commandeering

unless they are so coercive as to become compulsory. *Nat'l Fed'n of Indep. Buss.*

*V. Sebelius*, 132 S. Ct. 2566, 2602 (2012). Nothing in the record suggests that state

law enforcement involvement in this case was compelled by any federal action.

Accordingly, Defendant has failed to establish a violation of the Tenth Amendment

and the motion to dismiss is denied.

**Motion in limine**

Defendant has moved the Court to allow him to present the affirmative

defenses of: (1) mistake of law; (2) entrapment by estoppel; and (3) medical

necessity.

### *Mistake of Law*

Defendant seeks a ruling approving his affirmative defense that his

cultivation of marijuana was the result of a mistake of law. In support of his

argument, Defendant relies on *Cheek v. United States*, 498 U.S. 192 (1991). The

Court in *Cheek* recognized the traditional rule in criminal law that "ignorance of

the law or a mistake of law is no defense to criminal prosecution." *Id.* at 199.

However, the Court has "interpreted the statutory term 'wilfully' as used in the

1    federal criminal tax statutes as carving out an exception to the traditional rule." *Id.*

2    at 200.

3         The elements of the crime of manufacture of marijuana are (1) the defendant

4    knowingly manufactured marijuana; and (2) the defendant knew that what he was

5    manufacturing was marijuana.  Ninth Circuit Model Criminal Jury Instruction 9.18.

6    To be guilty of the crime of manufacturing marijuana, the Government is not

7    required to prove that a defendant acted willfully.  Accordingly, *Cheek* is not

8    applicable.  Furthermore, whether Defendant was operating legally under state law

9    or pursuant to a marijuana card is not relevant to the simple inquiry to be given to

10   the finder of fact: namely, whether Defendant knowingly manufactured marijuana

11   and knew that it was marijuana.  The issue of whether Defendant believed that he

12   was lawfully growing marijuana is immaterial.  Accordingly, Defendant may not

13   raise the affirmative defense of Mistake of Law and Defendant's participation in

14   Washington's medical marijuana program will be excluded.  Fed. R. Evid. 402;

15   *See also* Fed. R. Evid. 403.

16        ***Entrapment by Estoppel***

17        "[T]o establish entrapment by estoppel, a defendant must show that (1) an

18   authorized government official, empowered to render the claimed erroneous

19   advice, (2) who has been made aware of all the relevant historical facts, (3)

20   affirmatively told him the proscribed conduct was permissible, (4) that he relied on

ORDER DENYING DEFENDANT'S MOTIONS ~ 5

the false information, and (5) that his reliance was reasonable." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal quotations and citations omitted). The burden is on the defendant to prove entrapment by estoppel. *Id.*

Defendant has provided neither proffer nor evidence establishing that he was told by an authorized official of the Federal Government that manufacturing marijuana was legal. Similarly, there is no evidence that Defendant was aware of any official policy statement to that effect, or that Defendant reasonably relied on any such statement. In short, the Court is not aware of any evidence justifying a defense of entrapment by estoppel. As no such proffer or evidence is in the record at this time, the Court will deny Defendant's motion to raise entrapment by estoppel as an affirmative defense.

### *Medical Necessity*

Defendant raised the affirmative defense of necessity for the first time at oral argument. Defendant did not raise this issue in his motion and memorandum. The Court declines to address this issue as it has not been briefed. LR 7.1(a)(2).

## Motion to Suppress

Defendant has moved to suppress evidence seized pursuant to a search warrant issued on October 29, 2012. Defendant argues that the search warrant was not supported by probable cause because the affidavit fails to provide evidence of the reliability and basis of knowledge of anonymous informants who reported the

1  suspected marijuana grow operations.  Defendant further argues that the warrant

2  fails because the law enforcement officers who executed it were state officers and

3  the warrant failed to establish probable cause that a state crime was committed.

4  Finally, Defendant argues that the officers searched the wrong house.

5      The Fourth Amendment reads: "The right of the people to be secure in their

6  persons, houses, papers, and effects, against unreasonable searches and seizures,

7  shall not be violated, and no Warrants shall issue, but upon probable cause,

8  supported by Oath or affirmation, and particularly describing the place to be

9  searched and the persons or things to be seized."  U.S. Const. Amend. IV.  In

10 reviewing the sufficiency of an affidavit from which a magistrate has found

11 probable cause and issued a warrant, a magistrate's determination of probable

12 cause is to be paid great deference.  *Id.* at 236.  A reviewing court is to uphold the

13 warrant if "the magistrate had a 'substantial basis for . . . conclud[ing]' that

14 probable cause existed."  *Id.* (quoting *Jones v. United states*, 362 U.S. 257, 271

15 (1960)) (alteration in original).  The proponent of a motion to suppress bears the

16 burden of proof where the challenged search or seizure was made pursuant to a

17 warrant.  *See United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005);

18 *United States v. de la Fuente*, 548 F.2d 528, 533-34 (5th Cir. 1977); *See also* 6

19 Wayne LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*

20 § 11.2(b) (4th ed. 2004).

ORDER DENYING DEFENDANT'S MOTIONS ~ 7

Defendant focuses his first challenge on the reliability of the anonymous informants who reported the existence of the alleged marijuana grow operations as recounted in the affidavit.  It is true that a challenge to an affidavit may be based on a lack of evidence establishing the reliability of an anonymous informant's statement.  *E.g. United States v. Rowland*, 464 F.3d 899, 907-08 (9th Cir. 2006).  However, in this case, even if the Court were to ignore the statements attributed to anonymous sources, the Court would still find that a substantial basis existed to support the magistrate judge's issuance of the warrant.  Specifically, the affidavit recounts that on two occasions experienced law enforcement officers, who had previously investigated crimes involving marijuana, were able to see marijuana plants growing in plain view through gaps in the fence located at 10439 Road "A" SW Royal City, Washington.  ECF No. 43 at 26, 30, 32.  That evidence provided a substantial basis for a magistrate judge to conclude that marijuana was being manufactured on the property even without the anonymous testimony.

In challenging the veracity of the anonymous informants, Defendant states that in the absence of the anonymous tips, law enforcement would not have traveled to 10439 Road "A" SW Royal City, Washington.  Defendant argues that without those tips law enforcement officers would never have seen the marijuana through the fence.  At the close of Defendant's section challenging the reliability

of the informants' statements, Defendant asserts that evidence obtained as the result of a constitutional violation is subject to exclusion.[1]  ECF No. 43 at 9.

As Defendant has identified, suppression flows from a Fourth Amendment violation.  *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-87 (1963)).  Accordingly, for the Court to suppress the officers' viewing of the marijuana plants, and the evidence obtained pursuant to the search warrant issued as a result of that viewing, the Court would have to conclude that the viewing of the marijuana violated the Fourth Amendment.  However, nothing in the record suggests that the officers involved in this case entered the home or curtilage of 10439 Road "A" SW Royal City, Washington.

Instead, the photographs attached to the warrant affidavit establish that the officers were outside the home and outside the fence when they viewed the marijuana.  ECF Nos. 43 at 40-42, 56 at 26-30.  The affidavit and its attachments

---

[1]In support of this proposition, Defendant relies on an "Id." citation referencing pages 950 and 951.  However, neither of the two cases cited in the paragraph preceding the citation contain a page 950 or 951.  Accordingly, the Court does not know on what case Defendant is relying for this proposition.  As a result, any nuance or elaboration that was to be provided by the underlying case is lost on the Court.

provide a substantial basis to find that officers were standing in an open field when they saw the marijuana in plain view.  An open field is neither a house nor an effect that is protected by the Fourth Amendment.  *United States v. Dunn*, 480 U.S. 294, 303-04 (1987).  Accordingly, the Fourth Amendment was not violated by the officers' viewing of the marijuana.  Therefore, whether or not the informant tips that led officers to 10439 Road "A" SW Royal City, Washington, were reliable is irrelevant for the purposes of this motion, because the officers' viewing of the growing marijuana was legal and supports probable cause for the search warrant to be issued.

Defendant's second argument in favor of suppression is that the affidavit failed to establish probable cause that state law was violated.  Defendant's argument relies on a recent case from this district, *United States v. Kynaston*, CR-12-16-WFN, and the Ninth Circuit's opinion in *United States v. $186,416.00 in U.S. Currency*, 590 F.3d 942 (9th Cir. 2009).  In both *Kynaston* and *$186,416.00*, the issue was whether to suppress evidence obtained pursuant to a state search warrant issued on the basis that state law had been violated where in fact no state law had been violated.  Both courts found that even though the conduct described in the affidavits in support of the warrant violated federal law, and prosecution was ultimately federal, the state-law warrant failed as a matter of law because the affidavit filed in support failed to identify a state-law violation.  Additionally, the

*$186,416.00* court noted that officers in that case had failed to indicate to the state court that they were pursuing a violation of federal law. 590 F.3d at 948. As a consequence, the evidence collected pursuant to the warrant was suppressed.

This case stands in stark contrast to *Kynaston* and *$186,416.00*. Important to the issue in *$186,416.00*, which was relied upon in *Kynaston*, was the fact that state officers "never initiated the process of seeking a federal search warrant from a federal magistrate or indicated that it was pursuing a violation of federal law." 590 F.3d at 948. In this case, Special Agent Michael T. Zidack of the United States Department of Justice, Drug Enforcement Administration, sought the warrant from a federal magistrate asserting violations of the CSA. ECF No. 43 at 16, 34. The fact that the conduct alleged to violate the CSA may not be illegal under state law is irrelevant. Therefore, the Defendant's second argument in favor of suppression fails.

Defendant's final argument in favor of suppression is that officers executed the warrant at the wrong house. The warrant authorized a search of 10439 Road A SW, Royal City, Washington. Defendant asserts that the search occurred at 10439 Road A SW, Othello, Washington. However, the Defendant did not request an evidentiary hearing in this matter and failed to file any evidence beyond the warrant affidavit in this case. Accordingly, the Court has no evidence from which it can determine what house was searched. As it is Defendant's burden to prove

the Fourth Amendment violation, *Caymen*, 404 F.3d at 1199, the Defendant has not carried that burden, and the motion must fail.

In his reply brief, Defendant did provide the Court with links to Google Maps, which allegedly show that there are two houses possessing identical street addresses that exist in different cities in different counties.  However, even assuming the Court could take judicial notice of the material from Google Maps, the map data does not support suppression.  The Court was able to follow the first two links to Google Maps provided in the Defendant's reply, which matched the corresponding pictures printed in the reply.  ECF No. 53 at 2 n.1, 3, n.2.  And the Court was able to follow the third Google Maps link, which purportedly identified that the distance between the two addresses was exactly fifteen miles.  ECF No. 43 at 3-4 n.3.  However, a cursory review of the third link reveals that it does not establish the distance between the two houses identified in the first two links.  Instead, it identifies a distance from the house in link two to an orchard far west of Royal City.

A comparison of the first two links suggests that the two houses are a mere 0.8 miles apart.  The "Othello" address is approximately six blocks north of the "Royal City" address, per Google Maps.  Given that the "Royal City" house is in the 11200 block of Road "A" Southwest, it would be anomalous for the "Royal City" house to have the house number 10439.  In short, the Google Maps

information with regard to the "Royal City" address appears inaccurate and does

not support the Defendant's position.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's motion to dismiss, **ECF No. 41**¸is **DENIED**.

2.  Defendant's motion in limine, **ECF No. 42**, is **DENIED**.

3.  Defendant's motion to suppress, **ECF No. 43**, is **DENIED**.

The District Court Clerk is directed to file this Order and provide copies to

counsel.

**DATED** this 3rd day of July 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTIONS ~ 13